# CHARLESTON.

STATE OF WEST VIRGINIA, *ex rel* J. M. NANGLE v. THE BOARD OF EDUCATION OF THE DISTRICT OF WEST UNION *et al.*

Submitted October 24, 1917.   Decided November 20, 1917.

1. SCHOOLS AND SCHOOL DISTRICTS—*Board' of Education—Establishment of Graded Schools—Transportation.*

   The Board of Education of the Independent District of West Union has authority to establish graded schools in said district, and in doing so it may provide that in certain of the buildings in said district only certain grades shall be taught, so that provision is made for instruction in all of the primary grades, and that all of the children of school age in said district are given the opportunity for instruction in the grades in which they properly belong, in a school within two miles of their' respective residences, or, in lieu thereof, provision made for their transportation to and from a school where they may receive such instruction.   (p. 354).

2. SAME—*Distance From School Buildings—Computation.*

   In determining whether or not the distance travelled by a pupil in attending school is more than two miles, the measurements thereof may be made from the entrance to the premises where said pupil resides to the school ground, over the shortest travelled road or path, unless to do so would result in manifest hardship to the school patron.   (p. 356).

Mandamus by the State of West Virginia, on relation of J. M. Nangle, against the Board of Education of the District of West Union and others.

*Writ of mandamus refused.*

*S. A. Powell* and *L. W. Chapman*, for petitioner.

*A. F. McCue* and *J. O. Wilcox*, for respondents.

RITZ, JUDGE:

By an act of the Legislature of 1872 the Independent School District of West Union was created, and the respondent, Board of Education, was by the same act created a corporation, for the purpose of controlling and managing the free schools in said independent district, being granted all the power and authority to that end that is possessed by boards of education and trustees of free schools generally.   The

present school facilities, so far as buildings are concerned, consist of a Central school building of eleven rooms, another building known as the Wabash school of two rooms, and another known as the Doe Run school of one room. The eleven-room building is situate near the center of the territory comprising the independent district, the Wabash school at one end thereof, and the Doe Run school at the other end thereof, it being a distance of about one mile from the Central school. Petitioner is a resident of this independent school district, and lives approximately two miles from the Central school, and one mile from the Doe Run school, his residence being the most remote from the Central school of any in the district. Prior to the year 1916 pupils were taught in the Doe Run school in all of the eight primary grades, and this was likewise true at the other two buildings in said district. In the year 1916 the respondent Board of Education determined to establish graded schools in this independent district, to the end that better facilities might be given to the pupils attending the same. It provided that the high school of said district should be conducted in the eleven-room building in the center of the district, and that all of the primary grades should likewise be taught in that building; that in the Doe Run building instruction should be given only in the first, second and third grades, and that all pupils theretofore attending the Doe Run school above the third grade should attend at the Central building. The petitioner has two children who are of school age, and who have passed through the first, second and third grades. He objected to sending these children to the Central building, but demanded that they be taught in the higher grades in the Doe Run building as had theretofore been the case, and upon the refusal of the board of education to so provide he filed his petition in this court praying for a writ of mandamus to compel said board to have said children taught in the Doe Run school; or, failing in this, to have means of transportation provided for said two children from petitioner's home to the Central school, and for their return to their home in the evening after school hours.

The free schools of the independent district of West Union

are under the control and charge of the respondent board of education, and it has in relation thereto all of the power possessed by boards of education and school trustees generally. These powers are contained in §11 of ch. 45 of the Code. Among them is the power to establish graded schools. It is contended that by a graded school is meant one wherein all the branches up to and including the eighth grade are taught in the same building, but in different rooms, and the definition contained in §161 of ch. 45 is invoked as justifying this construction. It must be borne in mind that the action of the board of education in this case is in no sense a consolidation of sub-districts under the provisions of §68 of ch. 45. The independent district of West Union corresponds to a sub-district in the ordinary sense in which that term is used in the general law. May the board of education in grading its schools provide for the teaching of different grades in different buildings? There is nothing in the statute inhibiting it from treating all of the buildings in its district as one building, and for the purpose of grading the schools, providing for instruction in certain grades in one building, and instruction in other grades in other buildings, and this is what the respondent board of education has done in this case.

It must be borne in mind, however, that in doing so, provision must be made for instructing each pupil in his appropriate grade in a school at a distance of not more than two miles from his residence by the nearest travelled road or path. Petitioner says that it is more than two miles from his residence to the Central school. It appears that measuring from petitioner's front door to the highway in front of his home, and then along the highway to the school grounds, and from the entrance to the school grounds to the front door of the school, the distance is a few feet over two miles; but measuring from petitioner's front gate along the highway to the school house, it is a few feet less than two miles. In this state of the case, is it incumbent upon the board of education to provide transportation for petitioner's children? The distance, even according to petitioner's contention, is so little

in excess of two miles that it can hardly be said to be a matter of which the courts would take notice, while, according to the contention of the respondent, the petitioner is within the two mile limit. We think the fair construction of the statute is that where the school patron lives along a highway in premises abutting thereon, as is the case with petitioner, the distance should be measured from the entrance to such patron's premises to the school premises, and not cover the distance between the entrance to such patron's premises and his front door. Doing this, the petitioner's children are not required to travel more than two miles to attend the school provided for their instruction. There may be instances where school patrons live at some distance from the highway in which it would be manifestly unjust to apply the above rule. In the application of this statute the facts of each case must receive consideration and resort be had to the rule of reason, to the end that undue hardship may not be inflicted either upon the school parton or the board of education.

It follows from what has been said that petitioner's children have been deprived of no right to which they are entitled under the law, and the writ of mandamus prayed for will be refused.

*Writ of mandamus refused.*